was to prepare and file one himself, but this provision of the statute seems to have been ignored by appellant. Therefore, he cannot claim that he was deprived of a statement of facts without any fault on his part. Moreover, he does not claim that he made any effort to locate the court reporter and get in touch with her.

The motion is overruled.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

The record is before this court without a statement of facts or bills of exception. The indictment and all other matters of procedure appear regular.

The judgment of the trial court is affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of. the Court of Criminal Appeals and approved by the Court.

## HOUSE v. STATE.
### No. 23157.

Court of Criminal Appeals of Texas.
June 13, 1945.

Rehearing Denied Oct. 10, 1945.

## ROLLINS v. STATE.
### No. 23164.

Court of Criminal Appeals of Texas.
June 20, 1945.

Rehearing Denied Oct. 10, 1945.

Robert M. Allen, of Henderson, for appellant.

Ernest S. Goens, State's Atty., of Austin, for the State.

KRUEGER, Judge.

The conviction is for murder with malice. The punishment assessed is confinement in the state penitentiary for a period of nine years.

Alex P. Pope, of Tyler, for appellant.

Ernest S. Goens, State's Atty., of Austin, for the State.

HAWKINS, Presiding Judge.

Conviction is for driving an automobile upon a public highway in Smith County while appellant was intoxicated, punishment assessed at a fine of $50 and thirty days in jail.

We have no statement of facts in the record. The only bill of exception complains because the trial court denied appellant a continuance. It is practically impossible to appraise the merits of a com-